IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J.N., a minor, by his next friend, ) <br> BARBARA PERRY, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> IMAGINE ACADEMY OF ) <br> CAREERS IN ST. LOUIS. INC. d/b/a ) <br> IMAGINE COLLEGE PREPARATORY ) <br> HIGH SCHOOL, ) <br> ) <br> GENESA SMITH, ) <br> ) <br> EUGENE PAGE, ) <br> ) <br> RODNEY WILLIAMS, ) <br> ) <br> TAMARA THOMAS, ) <br> ) <br>     Defendants. ) | No. <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

### INTRODUCTION

1.   J.N. was a fifteen-year-old student at Imagine College Preparatory High School (hereinafter "ICPS") when he was seized, detained, assaulted, battered, and/or subjected to torture by Defendant Genesa Smith, a teacher at ICPS and Defendant Eugene Page, a St. Louis Metropolitan Police Department Officer who is also Defendant Smith's boyfriend, and Defendant Rodney Williams, a security guard at ICPS, and Defendant Tamara Thomas, ICPS Principal. The unlawful seizure, detention, assault, battery, and/or torture, occurred at the ICPS campus at 706 N. Jefferson Street in St. Louis, Missouri, on or about February 26, 2009.

2. Defendant Page assaulted J.N. when he lifted J.N. from the floor and threw him across the room and into a table, then grabbed J.N. by the throat, lifted J.N. from the floor- by his throat- and suspended him in the air. Defendant Page then slammed J.N. repeatedly, and with great force, against a wall. Defendant Page then subjected J.N. to interrogation and threatened him with further violence. J.N. had committed no crime and there was no probable cause to believe he had committed a crime.

3. This is a civil rights action brought pursuant to 42 U.S.C. §1983 to redress the violation of J.N.'s rights under the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff also brings claims for assault, battery, false arrest and detention, pursuant to Missouri law.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. §1343 and 28 U.S.C. §1331. Plaintiff claims for relief are cognizable under 42 U.S.C. §§ 1983 and 1988, and under Missouri state law.

5. Plaintiff respectfully invokes the supplemental jurisdiction of the Court to hear and decide his claims arising under state law.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) because the Defendants are located, and all incidents giving rise to this suit occurred, in this judicial district.

## PARTIES

7. The Plaintiff, J.N., is now 16 years old and a resident of the State of Missouri.

8. Barbara Perry is the mother and custodial parent of Plaintiff J.N. Both Barbara Perry and J.N. reside in St. Louis, Missouri.

9. Defendant Imagine Academy of Careers in St. Louis, Inc. (hereinafter "Imagine") is a Missouri corporation, registered in Missouri to do business as Imagine College Preparatory High School, a public charter school in St. Louis Missouri. Pursuant to Missouri law, Imagine College Preparatory High School is a public school and a "quasi-governmental body." RSMo. §160.400.

10. At all times referred to herein, and in February 2009, Defendant Genesa Smith was a teacher at ICPS School and an employee of Imagine. Defendant Smith is sued in her individual capacity. At all times described herein, Defendant Smith acted under color of law.

11. At all times referred to herein, and in February, 2009, Defendant Eugene Page was a Police Officer for the St. Louis Metropolitan Police Department. Defendant Page is sued in his individual capacity. At all times described herein, Defendant Page acted under color of law.

12. At all times referred to herein, and in February 2009, Defendant Rodney Williams was a security guard for ICPS, and an employee of Imagine. Defendant Williams is sued in his individual capacity. At all times described herein, Defendant Williams acted under color of law.

13. At all times referred to herein, and in February, 2009, Defendant Tamara Thomas was the Principal at ICPS, and an employee of Imagine. Defendant Thomas is

sued in her individual capacity. At all times described herein, Defendant Thomas acted under color of law.

## FACTS

14. During February 2009, J.N. was a student at ICPS.

15. On or about February 25, 2009, Defendant Smith threatened J.N. with physical violence and harm.

16. On or about February 26, 2009, Defendant Page arrived at the ICPS Campus and was admitted into the school by Defendant Williams.

17. Defendant Williams knew Defendant Page was a police officer.

18. Defendant Williams, at Defendant Page's request or direction, caused a room to be made available to Defendant Page.

19. At Defendant Page's request or direction, Defendant Williams seized and detained J.N.

20. At Defendant Page's request or direction, Defendant Williams escorted J.N. to the room where Defendant Smith and Defendant Page waited.

21. J.N. was detained in the room against his will and prevented from leaving by Defendant Page, Defendant Smith, and Defendant Williams.

22. Defendant Williams closed the door to the room and stood inside the room in front of the window in the door and prevented persons outside the room from seeing into the room.

23. Defendant Page grabbed J.N. when he entered the room and lifted his entire body off the floor.

24. Defendant Page threw J.N. across a table, causing the table to collapse, and J.N.'s body to forcibly hit and land on the floor.

25. Defendant Page grabbed J.N. by his throat and lifted J.N. from the floor by his neck, suspending J.N.'s entire body in the air.

26. Defendant Page maintained a forceful grasp on J.N.'s throat and repeatedly squeezed to reduce or eliminate J.N.'s ability to breath.

27. Defendant Page slammed J.N. into a wall, repeatedly, with great force.

28. J.N. had not committed any crime and the use of any force against J.N., by any defendant, was unlawful and excessive.

29. Defendants Smith, Williams, and Thomas, each knew that J.N. was being assaulted by Defendant Page.

30. Defendants Smith, Williams, and Thomas, each had an opportunity to intercede and protect J.N from the attack by Defendant Page.

31. Defendants Smith, Williams, and Thomas, each failed to intercede in the assault and protect J.N from the ongoing violent attack by Defendant Page.

32. Defendant Page identified himself to J.N as a St. Louis Metropolitan Police Officer.

33. Defendant Page unlawfully interrogated J.N. in the absence of his parent and/or counsel.

34. Defendant Page informed J.N. he had committed a crime by threatening a teacher.

35. Defendant Page threatened J.N. with further violence and charges for threatening a teacher, if he failed to answer questions, and admit to threatening Defendant Smith.

36. J.N. repeatedly requested that he be permitted to call his parents.

37. J.N. was denied the right to inform and contact his parents.

38. D.G., brother of J. N., was in a nearby room during the attack.

39. D.G. could hear his brother begging someone to "stop"

40. D.G. could hear the sounds of what he believed to be an assault on his brother and his brother's body hitting the wall.

41. D.G. attempted to go to the aid of his brother.

42. Defendant Thomas was standing near D.G. and heard the same pleas of "stop" and the sounds D.G. described as an assault, and his brother's body hitting the wall.

43. Defendant Thomas physically blocked D.G. from going to the aid of his brother during the attack.

44. D.G. used his cell phone to call his father.

45. J.N.'s father arrived at ICPS during the interrogation of J.N.

46. Defendant Page fled the ICPS campus upon learning of the arrival of J.N.'s father.

47. J.N. met with his father and informed his father of the conduct of Defendants Page, Smith, and Williams.

48. Each administrator, faculty member, and staff member of ICPS are mandatory reporters of child abuse and neglect pursuant to Missouri Law, RSMo. § 210.115.

49. No administrator, staff member, or faculty member of ICPS, with knowledge of the attack caused a report to be made to the Missouri Division of Children's Services in accordance with the provisions of RSMo. § 210.109 to 210.183.

50. The Missouri Division of Child Services has issued a preliminary finding that Defendant Smith and Defendant Williams neglected J.N., a child in their custody and care, when they allowed Defendant Page to assault him.

## CAUSES OF ACTION

### COUNT I

### USE OF EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY DEFENDANTS PAGE, SMITH, WILLIAMS, AND THOMAS COGNIZABLE UNDER 42 U.S.C. §1983

For his cause of action against Defendants Page, Smith, Williams, and Thomas in Count I, J.N. states:

51. By this reference, J.N. incorporates each and every allegation set forth in paragraphs 1 through 50 of this Complaint as though fully set forth herein.

52. Defendants Page, Smith, Williams and Thomas, acting alone and/or together and in concert, did assault, batter, terrorize and/or otherwise brutalize J.N. as aforedescribed, or each failed to prevent the acts of others when they had the opportunity to do so, and thereby unreasonably seized J.N. and used excessive force against J.N. in violation of the Fourth and Fourteenth Amendments to the United States Constitution,

53. As a direct and proximate result of the aforedescribed unlawful and malicious physical abuse of J.N. by Defendants Page, Smith, Williams, and Thomas, all committed under color of law, J.N. suffered bodily harm and was deprived of his right to be free from the use of unlawful, unreasonable, and excessive force, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. Section 1983.

54. As a direct and proximate result of the malicious, brutal and outrageous conduct of Defendants as aforedescribed, J.N. suffered injuries and damages including blunt force trauma, subglottic narrowing of his airway, edema secondary to injury, swelling of the soft tissue of the pharynx anterior to C5 and C6, and other injuries causing the presence of blood in his urine.

55. J.N.'s body was rendered weak, stiff, sore, and painful. The brutal assault on J.N. at the hands of Defendant Page caused J.N. to be fearful for his life. The injuries to his body and the great fear for his safety have caused J.N. pain of the mind as well as of the body and fear, apprehension, depression and consternation.

56. J.N. has suffered special damages in the form of medical expenses and may suffer additional special damages in the future in an amount which cannot yet be determined.

57. The acts of Defendants as aforedescribed were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of J.N., thus entitling J.N. to an award of punitive damages against the individually named Defendants.

58. If J.N. prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. §1988.

WHEREFORE, J.N. prays for judgment against Defendants Page, Smith. Williams and Thomas, jointly and severally, for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees, and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT II

## UNLAWFUL SEIZURE, ARREST, AND DETENTION IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY DEFENDANTS PAGE, SMITH, WILLIAMS, AND THOMAS COGNIZABLE UNDER 42 U.S.C. §1983

For his cause of action against Defendants Page, Smith, Williams, and Thomas in Count II, J.N. states:

59. By this reference, J.N. incorporates each and every allegation and averment contained in paragraphs 1 through 58 of this Complaint as though fully set forth herein.

60. Defendants, acting alone or together and acting in concert, maliciously, and without reasonable grounds or probable cause therefore, unlawfully arrested and detained J.N., or failed to prevent the unlawful arrest and detention when they had the opportunity to do so.

61. Defendant Smith caused Defendant Page to come to ICPS with the intent to take J.N., without cause, for the purpose of assaulting J.N., and intimidating him, and causing him physical harm.

62. Defendant Page caused Defendant Williams to seize J.N. and bring him to Defendant Page.

63. Defendant Thomas failed to intercede and prevented others from intervening to prevent or otherwise interrupt the unlawful assault, seizure, and ongoing detention of J.N.

64. J.N. was held against his will through the use of physical violence and excessive force, and the imminent threat of further violence if he tried to leave.

65. J.N. was fearful for his life and wellbeing as a result of the violent conduct and threats of Defendants Page, Smith, Williams and Thomas.

66. There was no lawful purpose or probable cause to arrest and detain J.N. against his will.

67. The arrest and detention of J.N. were in violation of J.N.'s right to be free from unreasonable seizure secured by the Fourth and the Fourteenth Amendments to the United States Constitution and protected under 42 U.S.C. §1983.

68. As a direct and proximate result of Defendants' arrest and detention of J.N. as aforedescribed, J.N. has suffered physical injury as aforedescribed, and severe mental anguish.

69. The acts of Defendants were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of J.N., thus entitling J.N. to an award of punitive damages against the individually named Defendants.

70. If J.N. prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. §1988.

WHEREFORE, J.N. prays for judgment against Defendants Page, Smith, Williams and Thomas, jointly and severally, for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees, and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT III

### CONSPIRACY TO VIOLATE J.N.'S CIVIL RIGHTS BY DEFENDANTS PAGE, SMITH, WILLIAMS, AND THOMAS COGNIZABLE UNDER 42 U.S.C. §1983

For his cause of action against Defendants Page, Smith, Williams, and Thomas, in Count III, J.N. states:

71. By this reference, J.N. incorporates each and every allegation and averment contained in paragraphs 1 through 70 of this Complaint as though fully set forth herein.

72. Defendants Page, Smith, Williams and Thomas, acting in their individual capacities, under color of law, conspired together, and reached a mutual understanding to undertake a course of conduct that violated J.N.'s civil rights. In furtherance of this conspiracy, Defendants Page, Smith, Williams, and Thomas committed or caused the following overt acts:

   a. Defendant Smith caused Defendant Page to come to ICPS School to inflict punishment on J.N.

   b. Defendant Thomas authorized or allowed the use of a room for Defendant Page to perpetrate his attack, and/or after becoming aware of the attack did nothing to prevent it and acted to prevent others from coming to the aid of J.N. during the attack.

   c. Defendant Williams admitted Defendant Page to the school building, facilitated the use of the room where the attack took place, arrested J.N. and detained J.N. at the request or direction of Defendant Page, and blocked the view of witnesses to the attack.

   d. Defendant Page choked and hit J.N., threw his body through the air, and slammed J.N. against a wall, repeatedly, and otherwise inflicted

punishment upon J.N. as aforedescribed. Furthermore, Defendant Page threatened J.N. with criminal charges and used his position as a police officer to facilitate his attack and detain and intimidate J.N. by subjecting J.N. to interrogation by force, and by denying J.N. his right to the counsel, comfort, and advice of his parents.

e. Each Defendant failed to prevent the arrest and detention of J.N. as aforedescribed, though they had the opportunity to prevent such actions. Said failure to prevent is tantamount to tacit authorization and approval of the unlawful arrest, detention, assault, and abuse of J.N.

f. Each Defendant failed to intercede in the attack and unlawful treatment of J.N. as aforedescribed, though they had the opportunity to stop the attack. Said failure to intercede is tantamount to tacit authorization and approval of the unlawful beatings and excessive use of force.

g. Subsequent to the attack, each Defendant adhered to a code of silence and failed to report the attack pursuant to Missouri law, and when asked about the incident, lied about what occurred.

73. Defendants Page, Smith, Williams, and Thomas shared the general conspiratorial objective to arrest, detain, beat, abuse, J.N. and fabricated facts to cover up their conduct and the truth of what actually occurred to J.N. as aforedescribed.

74. As a direct and proximate result of the conspiracy, J.N. was unreasonably arrested, seized, detained, and assaulted, in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution which are protected by 42 U.S.C. Section 1983.

75. As a direct and proximate result of the malicious, brutal and outrageous conduct of Defendants as aforedescribed, J.N. suffered severe and permanent injuries. J.N.'s body was rendered weak, stiff, sore, and painful. The brutal assault on J.N. at the hands of Defendants caused J.N. to be fearful for his life. The injuries to his body and the great fear for his safety have caused J.N. pain of the mind as well as of the body and fear, apprehension, depression and consternation. Additionally, J.N. has suffered special damages in the form of medical expenses and may suffer additional special damages in the future in an amount which cannot yet be determined.

76. The acts of Defendants were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of J.N., thus entitling J.N. to an award of punitive damages against the individually named Defendants.

77. If J.N. prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. §1988.

WHEREFORE, J.N. prays for judgment against Defendants Page, Smith, Williams, and Thomas, jointly and severally, for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT IV

## LIABILITY OF IMAGINE ACADEMY OF CAREERS IN ST. LOUIS, INC., BY ATTRIBUTION COGNIZABLE UNDER 42 U.S.C. §1983

For his cause of action against Defendant Imagine Academy of Careers in St. Louis, Inc., in Count IV, Plaintiff states:

78. By this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs 1 through 77 of this Complaint as though fully set forth herein.

79. Defendant Thomas was the Principal of ICPS.

80. Defendant Imagine delegated the power and authority to control the conduct of all staff and agents at ICPS School to Defendant Thomas.

81. Defendant Thomas failed and refused to properly train, to discipline, and to otherwise control the conduct of the Staff and agents of ICPS School and thereby prevent the constitutional deprivation suffered by J.N.

82. Defendant Thomas was responsible for the day to day operation of ICPS and determined policy for the day to day operation of ICPS.

83. Defendant Thomas participated in the unlawful seizure, arrest, detention, assault, battery, and interrogation of J.N.

84. Defendant Thomas participated in the constitutionally violative conduct aforedescribed, and also failed to prevent said conduct. This failure is tantamount to tacit authorization and approval of the unlawful seizure, arrest, detention, assault, battery, and interrogation of J.N.

85. Defendant Thomas's participation in and authorization and approval of the conduct of her subordinates and/or her failure to act to prevent the constitutional

...

deprivation suffered by J.N. constitute the policies, or customs, practices, and usages, of Defendant Imagine, by attribution. These policies, customs, practices and usages caused the constitutional deprivations of the Plaintiff, as aforedescribed.

86. Imagine is vested with the duty and authority to train, supervise, discipline and otherwise control, its Principals, such as Defendant Thomas, and through her the faculty and staff of ICPS.

87. Had Imagine, or Defendant Thomas, or both of them, affirmatively acted to properly train Defendant Smith and Defendant Williams, or to properly supervise them, or to discipline them when they conducted themselves in constitutionally violative ways, the constitutional deprivation of the Plaintiff would not have occurred.

88. In their failures as aforedescribed, Imagine, and Defendant Thomas by her participation, intentionally disregarded known facts or, alternatively, were deliberately indifferent to a risk of the constitutionally violative conduct of their staff and agents, thereby ratifying the misconduct and the policies, customs and practices aforedescribed, and their culpability caused the constitutional violation of the Plaintiff.

89. As a direct and proximate result of the policies, customs, practices and usages of Imagine and Defendant Thomas, and the conduct of Defendant Thomas as aforedescribed, Plaintiff suffered severe and permanent injuries and damages.

90. The assault and battery on Plaintiff caused by ICPS staff and others have caused Plaintiff to be fearful for his life. The injuries to his body and the great fear for his

safety have caused Plaintiff pain of the mind as well as of the body and fear, apprehension, depression and consternation.

91. If Plaintiff prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays for judgment against Defendant Imagine Academy of Careers in St. Louis, Inc., for compensatory damages in an amount which is fair and reasonable, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT V

### ASSAULT AND BATTERY BY DEFENDANTS PAGE, SMITH, WILLIAMS, AND THOMAS COGNIZABLE UNDER STATE LAW

For his cause of action against Defendants Page, Smith, Williams and Thomas in Count V, J.N. states:

92. By this reference, J.N. incorporates each and every allegation and averment contained in paragraphs 1 through 91 of this Complaint as though fully set forth herein.

93. The use of any force against J.N., by any defendant, was unreasonable, unlawful, and excessive.

94. The acts of Defendants Page, Smith, Williams and Thomas were committed without just cause or provocation, and committed with the intent to cause J.N. offensive contact, bodily harm, apprehension of offensive contact, and

apprehension of bodily harm, constituting an intentional assault and battery against J.N..

95. As a direct and proximate result of the malicious, brutal and outrageous conduct of Defendants as aforedescribed, J.N. suffered injuries and damages including subglottic narrowing of his airway, edema secondary to injury and swelling of the soft tissue of the pharynx anterior to C5 and C6. Blood was detected in his urine. J.N.'s body was rendered weak, stiff, sore, and painful. The brutal assault on J.N. at the hands of Defendant Page caused J.N. to be fearful for his life and wellbeing. The great fear for his safety has caused J.N. pain of the mind as well as of the body and fear, apprehension, depression and consternation. Additionally, J.N. has suffered special damages in the form of medical expenses and may suffer additional special damages in the future in an amount which cannot yet be determined.

96. As a direct and proximate cause of the acts of Defendants Page, Smith, Williams and Thomas as aforedescribed, J.N. suffered special damages in the form of medical expenses and will suffer additional special damages in the future in an amount which cannot yet be determined.

97. The acts of Defendants as aforedescribed were wanton, malicious and oppressive, thus entitling J.N. to an award of punitive damages.

WHEREFORE, J.N. prays for judgment against Defendants Page, Smith, Williams and Thomas, jointly and severally, for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action,

attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT VI

### FALSE ARREST AND FALSE IMPRISONMENT BY DEFENDANTS PAGE, SMITH, WILLIAMS AND THOMAS COGNIZABLE UNDER STATE LAW

For his cause of action against Defendants Page, Smith, Williams and Thomas in Count VI, J.N. states:

98. By this reference, J.N. incorporates each and every allegation and averment contained in paragraphs 1 through 97 of this Complaint as though fully set forth herein.

99. Defendants Page, Smith, Williams, and Thomas, at such times as previously set forth herein, by use and threat of force, intentionally arrested, detained, and restrained J.N. against his will without probable cause that J.N. had committed any crime.

100. The conduct of Defendants Page, Smith, Williams and Thomas in exercising dominion and control over the freedom of J.N. was an intentional restraint of J.N. against his will, for the purpose of inflicting harm on him.

101. As a direct and proximate result of Defendants Page, Smith, Williams, and Thomas arresting and detaining J.N. against his will as aforedescribed, J.N. suffered damages to his reputation and emotional well-being through the unlawful and malicious arrest and detention of his person by Defendants. J.N. has also suffered severe mental anguish in connection with the deprivation of his rights.

102.  The conduct of Defendants Page, Smith, Williams and Thomas was outrageous because of Defendant's evil motive and/or their reckless indifference to the rights and well-being of J.N., and therefore J.N. is entitled to an award of punitive damages against Defendants Page, Smith, Williams and Thomas.

WHEREFORE, J.N. prays for judgment against Defendants Page, Smith, Williams, and Thomas, jointly and severally, for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

Respectfully submitted this
21st day of August, 2009.

**RYALS & BREED, P.C.**

By: */s/ John W. Bruzek*
John W. Bruzek #5203567
3120 Locust Street
St. Louis, MO  63103
Tel.: (314) 862-6262
Fax: (314) 880-2027
E-mail: bruzek@rblawstl.com

*Attorney for Plaintiff.*